UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00090-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DARRELL MURRAY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Darrell Murray Price's Motion for Compassionate Release, requesting immediate release and home confinement. (Doc. No. 34). For the reasons that follow, Defendant's motion is DENIED.

I. BACKGROUND

On April 19, 2016, Defendant was indicted and charged with one count of possessing child pornography pursuant to 18 U.S.C. § 2252A(a)(5)(B). (Doc. No. 25, p. 3). Defendant possessed more than 600 images involving prepubescent minors and minors under the age of 12 years old. Id. at 6. Some images portrayed depictions of violence against minors. Id. On April 29, 2016, Defendant pled guilty pursuant to a Rule 11(c)(1)(B) written plea agreement. Id. at 3.

On September 28, 2016, Defendant received 60-month imprisonment, followed by lifetime supervision. (Doc. No. 30, p. 2-3). Defendant is currently incarcerated at FMC Lexington in Kentucky. See https://www.bop.gov/inmateloc/ Reg. No. 32784-058 (last accessed July 27, 2020). Defendant's projected release date is February 16, 2021. See id.

On April 17, 2020, Defendant filed a Motion for Compassionate Release. (Doc. No. 34). On May 27, 2020, Defendant made a written request to the Warden of FMC Lexington for

1

compassionate release, citing his positive diagnosis for COVID-19 and his quadriplegia, among other health-related issues. (Doc. No. 40-2). On June 10, 2020, the Government filed a Response, citing Defendant's failure to exhaust his administrative remedies and the Court's inability to transfer him to home confinement. (Doc. No. 40). Five days later, Defendant submitted a Reply to the Government's Response, contending that the Bureau of Prisons ("BOP") is not providing adequate care for Defendant in light of his coronavirus infection. (Doc. No. 41). On July 8, 2020, Defendant submitted a Second Reply, indicating that the Warden of FMC Lexington has not responded to Defendant's May 27, 2020 request for compassionate release. (Doc. No. 42).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion, Defendant cites his quadriplegia, an enlarged aortic root, and the threat of the COVID-19 coronavirus pandemic as reasons for his immediate release and home confinement. (Doc. No. 34, p. 1). Defendant also argues for his release based on a urinary tract infection and his May 1, 2020 positive diagnosis for COVID-19. (Doc. No. 41, p. 1).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

2

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

   (ii) The defendant is –

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

   (i) The death or incapacitation of the caregiver of the defendant's minor child

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

As a preliminary matter, Defendant has failed to meet § 3582(c)(1)(A)'s exhaustion requirement. Defendant filed his Motion on April 17, 2020, nearly 30 days *before* filing his May 27, 2020 request for release to the Warden of FMC Lexington. See (Doc. Nos. 34, 40-2). Although Defendant's May 27, 2020 request has gone unanswered for longer than 30 days, Defendant's Motion must fail because it is not one filed "after the defendant has fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). Thus, Defendant's Motion (Doc. No. 34) is DENIED WITHOUT PREJUDICE.

Even if, *arguendo*, Defendant had satisfied § 3582(c)(1)'s exhaustion requirement, Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" for supporting his Motion pursuant to § 3582(c)(1)(A)(i). Defendant does not assert that he has a terminal or serious health condition, or deterioration in physical or mental health due to aging, or family circumstances that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. See (Doc. Nos. 34, 41). Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy

4

statement other than the COVID-19 pandemic.  See id.; see also U.S.S.G. § 1B1.13, application note 1(D).  Indeed, despite his coronavirus infection, Defendant is in a stable condition.  (Doc. No. 37).  Further, there is no evidence that BOP cannot care for Defendant adequately.  See (Doc. No. 41).  Thus, Defendant has failed to make the required showing under § 3582(c)(1)(A)(i).

### III. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

Defendant requests that the Court release him to home confinement. The Court does not have the authority to direct BOP to place a defendant in home confinement.  See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement.").  A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without jurisdiction to do so.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 34) is DENIED.

IT IS SO ORDERED.

Signed: August 3, 2020

Frank D. Whitney
United States District Judge

5

Case 3:16-cr-00090-FDW    Document 43    Filed 08/04/20    Page 5 of 5